# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JERRY ALAN THIGPEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00487 |
| ) | CHIEF JUDGE CRENSHAW |
| **15th JUDICIAL DISTRICT CRIMINAL** ) | |
| **COURT JUDGE BRODY NEILL KANE** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending is a motion for an *ex parte* temporary restraining order ("TRO motion") (Doc. No. 2) filed by Jerry Alan Thigpen against the following defendants: Tennessee Criminal Court Judge Brody Neill Kane, 15th Judicial District; Tennessee Circuit Court Judge John Wootten, Jr., 15th Judicial District; Tennessee District Public Defender Comer Donnell; Assistant Public Defenders Kelly Allan Skeen and John Archer Gholson IV; Court Reporter Gwen Cripps; Trousdale County Court Clerk Kimberly Dawn Taylor; Wilson County Court Clerk Debbie Moss; Tennessee District Attorney General Tom Price Thompson, Jr.; and Assistant District Attorneys General Jack Adrian Bare and Ian Daniel Bratton.

Because Thigpen proceeds *in forma pauperis*, his complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e). The Court finds, as set forth herein, that the complaint fails to state a claim for which relief may be granted. This action will be dismissed with prejudice, and the TRO motion will be denied as moot.

**I.    Legal Standard**

The Court is required to conduct an initial review of any *in forma pauperis* complaint and

to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

In conducting this review, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations

As best the Court can ascertain from Thigpen's pleading, he is the defendant in ongoing criminal proceedings in the Tennessee's 15th Judicial District. In preparation for an appeal, Thigpen seeks to obtain the audio recordings of various criminal court hearings. He insists that the written transcripts have been falsified and are not true and correct representations of the hearings. He maintains that, under Tennessee law, any audio recordings that were prepared are public records and are subject to production in response to an open-records request.

He further insists that, "[d]espite 4 court appearances since February 6, 2018, before Judge Kane in order to simply obtain transcripts and request PDF copies and audio recordings of the proceedings, [he] remains without transcripts necessary to advance an Appeal." (*Id.* at 9.) His requests for copies of the audio recordings were denied by the court reporter, because the audio recordings constitute work product and are her own personal property. The Clerk of Court informed him that, by verbal order from Judge Kane, release of audio recordings is prohibited.

Judge Kane has also announced in open court that "nobody gets audio from proceedings in my court." (*Id.* at 12.) Thigpen's defense attorneys have refused his request to assist him in obtaining audio recordings, "implying they do not believe the transcripts are falsely made and that the Petitioner is not entitled to the audio records." (*Id.* at 12.)

Thigpen also complains that Judge Kane is "refusing electronic copies of transcripts, asserting paper only, to hinder the Petitioner in being able to readily scan and easily highlight and notate errors." (*id.* at 12.)

> He specifically requests the following relief:
>
> (1) that Judge Kane be temporarily restrained from arbitrarily and abusively denying anyone access to public record audio recordings of criminal proceedings before him and that he be ordered to issue a directive to his court reporter and the Clerk of Court, requiring them to produce such records upon request;
>
> (2) that Judge Kane be restrained from denying any person having the right to a transcript the option of obtaining it in electronic instead of paper format, and that he be ordered to issue a directive to his court reporter and the Clerk of Court, requiring them to produce such records in electronic format upon request;
>
> (3) that audio recordings be produced immediately for all hearings conducted in the matter of State v. Thigpen, 2016-CR-062;
>
> (4) that Certified Original transcripts of certain specific hearings, some of which have allegedly already been produced and in the possession of the public defenders, be produced to Thigpen within one week;
>
> (5) that Judge Kane, his court reporter, Gwen Cripps, Circuit Court Judge Wootten, and District Attorney General Tom Price Thompson and his Assistant District Attorneys General be temporarily enjoined from any involvement in the criminal proceedings against Thigpen; and
>
> (6) that Thigpen be awarded judgment and costs in this matter.

(Doc. No. 1, at 16–19; *see also* Doc. No. 2.)

### III. Discussion

Federal courts are courts of limited jurisdiction, possessing only the power conferred by the Constitution and by statutes enacted by Congress. Kokkonen v. Guardian Life Ins. Co. of

Am., 511 U.S. 375, 377 (1994). A federal court generally must presume that a cause of action lies outside its limited jurisdiction, and the plaintiff bears the burden of establishing to the contrary. Id.

In this case, Thigpen asserts that the Court has jurisdiction over his claims under 28 U.S.C. §§ 1335 and 2361. These statutes provide that the federal courts may have jurisdiction over interpleader actions, 28 U.S.C. § 1335, and establish the courts' ability to issue process in interpleader actions, *id.* § 2361. This case is not in the form of an interpleader action, and these statutes have no relevance here.

Thigpen also asserts federal question jurisdiction under 28 U.S.C. § 1331, based on alleged violations of his federal constitutional rights. Specifically, he claims that it is the "well established law of the land that audio recordings of Open Court proceedings in [the] United States are public records available to any citizen [of] the United States. (Doc. No. 1, at 4.) Because he asserts the existence of a federal question based on violations of his federal constitutional rights, the Court construes his *pro se* pleading very liberally as attempting to state claims under 42 U.S.C. § 1983, which provides a vehicle for asserting a civil cause of action for violations of federal constitutional rights. The Court clearly has jurisdiction to entertain claims under § 1983.

Section 1983, however, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." See also Cooper v. Rapp, 702 F. App'x 328, 332 (6th Cir. 2017) (noting that judicial immunity may be "overcome in only two circumstances: (1) when a judge performs nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and (2) when a judge's actions, though judicial

in nature, are taken in the complete absence of all jurisdiction." (internal quotation marks and citation omitted)). Thigpen has not shown that a declaratory decree has been violated or that declaratory relief is unavailable. Nor has he shown that the judges took action outside their jurisdiction. Thus, under this provision, injunctive relief against Judges Kane and Wootten is not available, and all claims for prospective injunctive relief asserted against these defendants are subject to dismissal on that basis.

Regardless, to state a claim under § 1983, a plaintiff must establish "(1) that [the] defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Even assuming that the defendants all qualify as persons acting under color of state law for purposes of § 1983, Thigpen has not established the deprivation of a federal right. While an indigent defendant appealing his conviction has a constitutional right to have a transcript of his trial and other relevant proceedings furnished by the government, at least where such transcripts are necessary for his appeal, see, e.g., Bentley v. United States, 431 F.2d 250, 253 (6th Cir. 1970), a criminal defendant does not have a constitutional right to have such transcripts produced in the format of his choosing. That is, Thigpen does not have a constitutional right to procure copies of the audio recordings of his proceedings or to obtain copies in electronic as opposed to printed form. Accord Tamburino v. Taylor, No. 1:17-CV-942, 2017 WL 5476375, at *5 (W.D. Mich. Nov. 15, 2017) ("Plaintiff does not have a constitutional right to an accurate video and audio recording of his proceedings.").

If the transcripts contain prejudicial errors, as he claims, Thigpen must seek relief through the appeal process. Only if that fails, and only if he fully exhausts the claims in the state criminal and post-convictions, he may raise the issue in this Court through a federal habeas

corpus proceeding under 28 U.S.C. § 2254. Whether the audio recordings he seeks are public records to which Thigpen might have a right under state law is a different question over which this Court does not have jurisdiction. In short, to the extent Thigpen seeks to compel any defendant to produce specific audio recordings, such relief must be denied.

Thigpen also seeks "Certified Original" transcripts of certain proceedings, but he has not provided sufficient facts to establish the basis for obtaining these transcripts. He has not asserted that the state court or other individuals have denied him access to transcripts that are necessary to his appeal. Moreover, to the extent he seeks relief against his defense attorneys, it is well established that defense attorneys, even if court-appointed, are not "state actors" who are subject to liability under § 1983. Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981); Kenny v. Bartman, No. 16-2152, 2017 WL 3613601, at *3 (6th Cir. May 19, 2017).

Finally, Thigpen requests that District Attorney General Tom Price Thompson and his Assistant District Attorneys General be enjoined from any involvement in the criminal proceedings against him. Notably, Thigpen does not seek to enjoin the prosecutors from violating his federal constitutional rights, nor has he demonstrated that they have engaged in any type of ongoing violations of his federal constitutional rights.[1] See Boler v. Earley, 865 F.3d 391, 412 (6th Cir. 2017), cert. denied, 138 S. Ct. 1281 (2018) (suggesting that injunctive relief requires allegations of an "ongoing violation of federal law"). The Court concludes that the complaint fails to state a claim against the prosecutor defendants under 42 U.S.C. § 1983 or to state a basis for the issuance of prospective injunctive relief.

---

[1] Thigpen asserts somewhat vaguely that Assistant D.A. Jack Adrian Bare referred to him in open court as "little black Sambo." (Doc. No. 1, at 14.) Even assuming that this allegation is true, Thigpen has not established that it provides a basis for prospective injunctive relief.

Finally, the Court observes that the impetus behind Thigpen's request for judicial relief appears to be an impending bond hearing, scheduled for May 30, 2018. (See Doc. No. 1, at 15.) However, he has not established any connection between the transcripts he seeks and the bond hearing.

**IV.     Conclusion**

For the reasons set forth herein, the complaint will be dismissed for failure to state a claim for which relief may be granted, and the TRO motion will be denied as moot.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE